### W. D. RATHGEN v. M. M. FRENCH.

Decided January 20, 1900.

**1. Elections—Residence of Voter—Intention.**

Where the evidence shows that a voter, a single man, intended to retain his residence at the place where he had been living, and where his trunk and clothes were kept, though he was eating and sleeping in another county where he was just starting in business, a finding by the trial court that he was entitled to vote in such former county will not be disturbed.

**2. Same—Election Declared Void, When.**

Where the contestant for an office shows that he received only one vote less than the contestee, and that a person who would have voted for him, contestant, and who was legally qualified to do so, was denied the right to vote, the election, under the terms of the statute, must be declared void, and a new one ordered. Rev. Stats., art. 1804f.

APPEAL from Hemphill. Tried below before Hon. B. M. BAKER.

*Browning & Madden* and *W. D. Fisher,* for appellant.

*H. E. Hoover,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This is a contested election case, involving the right of appellant to hold the office of treasurer of Hemphill County. The court found that appellant received 74 legal votes, and appellee, who was the contestant, 73; but that H. D. Moore, who would have voted for appellee, was not allowed to vote, although he was a legal voter. The election was consequently declared void and a new one ordered, from which judgment this appeal is prosecuted.

We find no merit in any of appellant's assignments of error, but adopt the court's findings of fact upon all the disputed issues of fact raised by him, since the evidence was sufficient to warrant these findings. Of the issues so raised, whether Charles Fuller, who voted for appellee, was still a resident citizen of Hemphill County at the time of the election was the most difficult one; but his intention, though a single man entering into business and eating and sleeping elsewhere, to hold his residence in Hemphill County, where his trunk and clothes were still kept, till he was ready to move, warranted the court in determining this issue against appellant.

But if mistaken in this, the result would be the same, as we shall presently see; for we are constrained to sustain the cross-assignment of appellee, to the effect that Charlie Ford, who voted for appellant, did not reside in Hemphill County at the date of the election. The statement in appellee's brief in support of this cross-assignment is borne out by the record, and fully sustains it. Rejecting this vote, and that of Fuller, and counting that of Moore, we would still have a tie; but if we should not count the vote of Moore for appellee the election would have to be declared void because the officers of the election rejected his vote.

It seems to be the prevailing rule, in the absence of statutory regulation, to count such vote, when improperly rejected, for the candidate for whom it would have been cast, and this rule was once followed by this court; but the statute now in force seems to provide otherwise, the last clause of article 1804f reading: "Should it appear from the evidence that such a number of legal voters were by the officers or managers of the election denied the privilege of voting as, had they been allowed to vote, would have materially changed the result, the court shall adjudge such election void, and direct the proper officers to order another election to fill said office, which election shall be ordered and held and returns thereof made in all respects as required by the general election laws of the State."

On the other hand, as we approve the finding that Fuller was a legal voter, and hold that Ford was not, the denial by the managers of the election of Moore's right to vote materially affected the result of the election, and rendered it void under the statute above quoted, which it is our duty to follow.

The judgment is therefore affirmed.

*Affirmed.*